


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
NADIM NIMAI KESTEN,                                                  :
:
:
Plaintiff,                                            :
:        20-cv-8909 (LJL)
-v-                                                             :
:        OPINION AND ORDER
:
BROADCAST MUSIC, INC., et al.,                                       :
:
Defendants.                                           :
:
-------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Nadim Nimai Kesten ("Kesten") moves, pursuant to Federal Rule of Civil Procedure 4, for an Order: (1) authorizing alternate service upon Defendant Tarik Johnston, a/k/a Rvssian ("Johnston") by email, Facebook private message, and Instagram private message; and (2) extending time for service.

Federal Rule of Civil Procedure Rule 4(e) provides that service upon an individual in the United States may be made by following state law in the state where the district court is located or where service is to be made; or by delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; or by delivering a copy to an agent authorized to receive service of process. "In New York State, subsections (1), (2), and (4) of N.Y. C.P.L.R. § 308 provide for service by 'personal delivery, delivery and mailing, and nailing and mailing, respectively.'" *Tishman v. The Associated Press*, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (Lynch, J.) (quoting *Parisi v. Fretta*, 542 N.Y.S.2d 713, 714 (2d Dep't 1989)). Under N.Y. C.P.L.R. § 308(5), where service pursuant to these subsections is "impracticable," the court, "upon motion and without notice" may direct

service "in such manner as the court . . . directs." N.Y. C.P.L.R. § 308(5).  "Though the impracticability standard 'is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under [N.Y.] C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.'" *Tishman*, 2006 WL 288369, at *1 (quoting *State Street Bank and Tr. Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (2d Dep't 2005)); *see also Astrologo v. Serra*, 659 N.Y.S.2d 481, 481-82 (2d Dep't 1997).

When usual methods of service prove impracticable, the Court may otherwise permit service by any other method that is "reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action."  *D.R.I., Inc. v. Dennis*, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (quoting *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314 (1950)).

Plaintiff has sufficiently established impracticability.  Plaintiff hired a private investigator but has been unable to locate Johnston's current address.  Plaintiff attempted service at two additional addresses he identified but those attempts were unsuccessful.  Dkt. No. 44-2, at 3; Dkt. No. 45 & Ex A.; *see Bozza v. Love*, 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) ("Courts have found the impracticability standard met where, despite a diligent search, a 'plaintiff has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means . . . had proven ineffectual.'") (quoting *Franklin v. Winard*, 592 N.Y.S.2d 726, 726 (1st Dep't 1993)); *D.R.I.*, 2004 WL 1237511, at *1 ("The meaning of 'impracticable' depends on the facts and circumstances of a particular case," but "[i]n general, plaintiff 'must make some showing that the other prescribed methods of service

could not be made'") (quoting *SEC v. Nnebe*, 2003 WL 402377, at *3-4 (S.D.N.Y. Feb. 21, 2003)).

However, Plaintiff has not offered an alternative method of service reasonably calculated, under all the circumstances, to apprise Johnston of the pendency of the action. Plaintiff proposes to serve Johnston by the email address he has located for Johnston's booking agent, by Facebook, and by Instagram. Courts have permitted service by email. See *D.R.I.*, 2004 WL 1237511, at *1; *see also Fed. Trade Comm'n v. Pecon Software*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process.") (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding "objections about theoretical reliability of email service" to be "unpersuasive" where plaintiff "amply demonstrated the high likelihood that defendants would receive and respond to email communications, and defendants themselves do not dispute receiving email service in this case"). However, "in those cases where service by email has been judicially approved, the movant supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014)); *see, e.g., Metromedia Co. v. Cowan*, 2013 WL 4780039, at *2 (S.D.N.Y. June 24, 2013) ("Defendants' emails to Plaintiff and the Court confirm that Defendant is receiving information by email. Therefore, the Court finds that

service of the Summons and Complaint by email is 'reasonably calculated' to inform Defendant of the pendency of this action and afford him opportunity to present objections.") (quoting *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir.1987)); *United States v. Besneli*, 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015) (noting plaintiff had "already conversed" by using the email address provided to the Court); *see also AMTO,* 2015 WL 3457452, at *8-9 (collecting cases); *Alfred E. Mann Living Tr. v. ETIRC Aviation S.A.R.l.*, 910 N.Y.S.2d 418, 422-23 (1st Dep't 2010) ("[F]ederal courts . . . have concluded that [service by email and fax] is proper as long as there has been a showing that those methods are 'reasonably calculated to apprise defendants of the pendency of the action'") (internal citations omitted).

Plaintiff has made no such showing here.  Plaintiff has offered no evidence that the booking agent still works for Johnston, that the agent is in regular contact with Johnston, that it is likely that the agent would relay the summons and complaint to Johnston or even that the email address is still active and the agent regularly receives communications through it.  More is required than simply identifying an email address of a person with whom the defendant once had a relationship and asserting that because he had a relationship with that person service is reasonably likely to apprise the defendant of the action.

Plaintiff also requests permission to serve Johnston by Facebook messenger and Instagram message.  By conducting an internet search, Plaintiff's counsel was able to locate Johnston's Facebook profile and Instagram profile and represents that both appear to be regularly updated.  Dkt. No. 44-4 at 4.  In a recent opinion in *Doe v. Hyassat*, 337 F.R.D. 12 (S.D.N.Y. 2020), Judge Gardephe of this District surveyed the law regarding service by Facebook.  Judge Gardephe found that "courts have relied on Facebook service only as a 'backstop' for service by other means."  *Id*. at 15.  In support of that conclusion, he cited the district court opinions within

this Circuit in *F.T.C. v. PCCare247, Inc.*, 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013), *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016), *Fontunato v. Chase Bank USA, N.A.*, 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012), and *Fed. Trade Comm'n v. Pecon Software Ltd*, 2013 WL 5288897, at *2 (S.D.N.Y. Sept. 18, 2013), as well as the New York state court decision in *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 713-14 (N.Y. Sup. Ct. 2015). *See Hyassat*, 337 F.R.D. 12 at 15-16. He concluded:

> Service exclusively through Facebook—particularly in the absence of concrete evidence demonstrating regular use and the identity of the Facebook user—raises significant due process concerns. . . . '[A]nyone can make a Facebook profile using real, fake, or incomplete information, and thus, there is no way for the Court to confirm whether the [Facebook profile bearing the defendant's name] . . . is in fact the . . . [d]efendant to be served.'

*Id*. at 16 (quoting *Fortunato*, 2012 WL 2086950, at *2).

Plaintiff has not identified any case to the contrary. Thus, because Plaintiff has made no showing that the email address identified is reasonably likely to apprise Johnston of the action, it is not sufficient for Plaintiff to also state that he will make service through Facebook and Instagram.

Finally, Plaintiff requests an extension of time in which to effect service. Plaintiff's deadline to effect service expired on February 16, 2021. Plaintiff made his motion before that date and has shown good cause for not being able to effect service within that time period and has moved timely to effect service by alternate means. The Court will grant Plaintiff a 30-day extension from the date of this Order—to April 2, 2012 to effect service. *See D.R.I.*, 2004 WL 1237511, at *2.

SO ORDERED.

Dated: March 3, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge